**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Owen H., by and through his<br>parents, Katie H. and Daniel H.,<br>of Abington, PA 19001 | : | |
| and | : | |
| Katie H. AND Daniel H.,<br>individually, and on their own behalf | : | Civil Action |
| Plaintiffs | : | |
| v. | : | No. |
| Abington School District<br>970 Highland Avenue,<br>Abington, PA 19001 | : | : |
| Defendant | : | |

## <u>COMPLAINT</u>

### I. Introduction

1. Plaintiff Owen H. ("Owen"), a minor child with disabilities, and his parents, Plaintiffs Katie H. and Daniel H. ("Parents") (collectively "Plaintiffs" or "Family"), bring this action to recover reasonable attorney's fees and costs as the prevailing party in a special education due process hearing.
2. Owen is a child with disabilities under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*, and its federal and state implementing regulations.
3. He is a qualified handicapped person under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Section 504"), and its federal and state implementing regulations.

4. The Family, through counsel, filed an administrative Due Process Complaint in the Commonwealth of Pennsylvania's Office for Dispute Resolution ("ODR") on February 6, 2026.

5. The case proceeded to an administrative Due Process Hearing, and the Hearing Officer found that the Family's proved that, in violation of the IDEA, the Abington School District ("District") failed to implement a material portion of Owen's Individualized Education Program ("IEP") during the 2025-2026 school year and that the District's Reevaluation Report was inappropriate, warranting an award of an independent education evaluation ("IEE") at public expense.

6. The Hearing Officer ordered the District to provide Parents with: (a) an IEE at public expense; (b) compensatory education for failing to implement a material portion of his IEP; and (c) reimbursement for any out-of-pocket costs incurred during the time in which the District failed to provide Owen with assistive technology required by his IEP.

## II. Parties

7. Owen was born in 2020. He was and is at all relevant times a resident of the Abington School District.

8. Katie H. and Daniel H. are Owen's Parents with whom Owen resides within the geographic boundaries of the District and the Eastern District of Pennsylvania.

9. The District is located at 970 Highland Avenue, Abington, PA 19001. The District is the recipient of several sources of federal funds and is a Local Educational Agency ("LEA") under Pennsylvania law for the provision of educational services to resident children under IDEA, Section 504, and Pennsylvania's statutory/regulatory scheme concerning young children with disabilities. *See* 22 Pa. Code Chap. 14 & 15; 24 P.S. Chap. 13.

## III. Jurisdiction and Venue

10. This Court has original jurisdiction over this dispute pursuant to 28 U.S.C. § 1331 because it is a civil action arising under IDEA and Section 504, which are laws of the United States.

11. The District's actions complained of herein have taken place within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391.

12. The Family has exhausted its administrative remedies as required under 20 U.S.C. § 1415(i), having timely pursued a special education due process hearing.

13. The Family prevailed at the due process hearing. The Hearing Officer concluded that the District violated the IDEA by failing to properly implement Owen's IEP and failing to appropriately evaluate him, and ordered an IEE, as well as declaratory and equitable relief in Owen's favor.

14. The Family's claims and remedies are authorized by 20 U.S.C. § 1415(i)(3)(B), 34 C.F.R. § 300.517, and 29 U.S.C. § 794a which permit plaintiffs to recover reasonable attorney's fees when they prevail in an action or proceeding; and 28 U.S.C. §§ 2201, 2202, providing for declaratory and any further relief deemed necessary and proper.

## IV. Facts Supporting Liability

15. Owen was born with Noonan Syndrome at birth, a genetic disorder that causes a range of physical and developmental abnormalities.

16. The District identified Owen with Other Health Impairment ("OHI") due to his diagnosis of Noonan Syndrome and associated medical conditions and symptoms; Hearing Impairment; and Speech and Language Impairment.

17. Owen wears cochlear implants (CIs) in both ears to support his hearing.

18. To support his hearing in the classroom, O.H.'s IEP provides an FM system assistive technology, which amplifies the teacher's voice through his CIs.

19. The Family, through counsel, filed their original administrative Complaint for Due Process in the Commonwealth of Pennsylvania's Office for Dispute Resolution ("ODR") on February 6, 2026.

20. The District filed its Response to Parents' Due Process Complaint on February 16, 2026.

21. On March 12, 2026, the District filed a Due Process Complaint in response to Parents' request for an IEE and requested that the two matters be consolidated.

22. The Hearing Officer determined that the two matters would be heard together, which took place over two days, on April 16, 2026, and June 8, 2026.

23. On August 11, 2026, the Hearing Officer ruled in favor of the Family, determining that the District failed to implement Owen's IEP and that the District's Reevaluation Report was inappropriate, and awarded the Family a full day of compensatory education for each day the District failed to implement his IEP, totaling 255 hours.

24. The Hearing Officer also ruled in Parents' favor, determining that, because the District relied on Parents to implement the FM system required by Owen's IEP, the District must reimburse Parents for any documented out-of-pocket expenses incurred as a result.

25. The Hearing Officer also ruled in the Parents' favor, finding that the District's Reevaluation Report was flawed and that the Parents would be provided with an IEE at the District's expense.

26. The Family is the prevailing party, having obtained significant substantive relief in the due process proceedings, and is entitled to an award of statutory attorney's fees and costs,

including the time spent litigating the entitlement to attorney's fees. *Planned Parenthood of Central New Jersey v. Attorney General of the State of New Jersey*, 297 F.3d 253, 268 (3d. Cir. 2002).

27. The Plaintiff has attempted to resolve the issues raised in this Complaint; however, the Defendant has refused to pay reasonable prevailing-party fees and costs.

28. The Family will file a motion for attorney's fees and costs at a date fixed by the Court.

WHEREFORE, the Plaintiffs respectfully request that this Court:

1. Assume jurisdiction over this action;
2. Hear additional evidence as appropriate pursuant to 20 U.S.C. § 1415(i)(2)(C)(ii);
3. Award Plaintiffs reasonable attorney's fees and costs for counsel's representation before, during, and after the state administrative due process hearing; and for the present action, including, but not limited to, the litigation of an impending petition for attorney's fees; and
4. Grant such other relief as this Court deems proper.

Respectfully Submitted,

Thomas M. Davis, Esq. (320157)
Tom Davis Law LLC
444 E. Township Line Rd. #1102
Havertown, PA 19083
T: (484) 222 - 0441
Tom@paieplaw.com
*Counsel for Plaintiffs*

/s/*D. Daniel Woody*

D. Daniel Woody, Esquire
PA ID No. 309121

Woody Law Offices, P.C.
T: (610) 566-8770
110 West Front Street
Media, PA 19063